**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Virginia M. Welch, | No. CV-11-2113-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Wright Medical Technology, Inc., a Delaware corporation; and Wright Medical Group, Inc., a Delaware corporation, | |
| Defendants. | |

Plaintiff Virginia M. Welch filed her initial complaint on October 27, 2011, alleging claims of strict liability for failure to warn, strict liability for design defects, strict liability for manufacturing defects, breach of express warranty, negligence, and punitive damages. Doc. 1. Defendants Wright Medical Technology, Inc. and Wright Medical Group, Inc. (collectively "the Wright Defendants") filed a Motion to Dismiss for failure to state a claim upon which relief can be granted. Doc. 7. Plaintiff filed a response to the Motion to Dismiss. Doc. 16. For the reasons that follow, the Court will grant in part and deny in part the Wright Defendant's Motion to Dismiss.

**I.   Background.**

The facts alleged in the complaint are as follows. Plaintiff is a citizen of the State of Arizona. Doc. 1, ¶ 1. On or about February 2, 2006, Plaintiff underwent a right total hip arthroplasty. Doc. 1, ¶ 10. In the course of this procedure, Plaintiff received a Wright Medical PROFEMUR Z hip implant ("Wright Implant"). Doc. 1, ¶¶ 10, 11. On

1  or about November 4, 2009, Plaintiff was evaluated by Tina M. Horton, PA-C, in the
2  office of Danton S. Dungy, M.D. for continuing right hip pain.  Doc. 1, ¶ 13.  In this
3  evaluation, radiographs revealed that an acetabular cup, right arthoplasty, had rotated
4  approximately 90 degrees clockwise.  Doc. 1, ¶ 13.  Because of this evaluation, Plaintiff
5  became aware that the Wright Implant was defective.  Doc. 1, ¶ 13.  On or about
6  November 16, 2009, Plaintiff had the Wright Implant surgically removed.  Doc. 1, ¶ 14.

7  Plaintiff makes the following claims against the Wright Defendants: (1) strict
8  liability for failure to warn, (2) strict liability for design defect, (3) strict liability for
9  manufacturing defect, (4) breach express warranty, (5) negligence, and (6) punitive
10 damages.

11 **II.   Legal Standard.**

12 When analyzing a complaint for failure to state a claim to relief under Rule
13 12(b)(6), the well-pled factual allegations "'are taken as true and construed in the light
14 most favorable to the nonmoving party.'"  *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th
15 Cir. 2009) (citation omitted).  To avoid dismissal, the complaint must plead "enough facts
16 to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550
17 U.S. 544, 570 (2007).

18 **III.  Wright Defendants' Motion to Dismiss.**

19 The Wright Defendants move to dismiss Plaintiff's claims for strict liability for
20 failure to warn, strict liability for design defect, breach of express warranty, and punitive
21 damages.

22 **A. Strict Liability for Failure to Warn.**

23 To establish a prima facie case of strict liability, Arizona Law requires plaintiffs to
24 show that the defective product "is the proximate cause of the plaintiff's injuries."  *Dole*
25 *Food Co., Inc. v. North Carolina Foam Industries, Inc.*, 935 P.2d 876, 879 (App. 1996)
26 (citing *Piper v. Bear Medical Systems, Inc.*, 883 P.2d 407, 410 (App. 1993)); *accord*
27 *Gosewisch v. American Honda Motor Co.*, 737 P.2d 376, 379 (1987) (superseded by
28 statute on other grounds).  To prove proximate cause in a failure to warn case, "[w]hat is

required is 'evidence that had a proper warning been given, [the plaintiff] would not have used the product in the manner which resulted in his injury, or by evidence that certain precautions would have been taken that would have avoided the accident.'" *Dole Food Co.*, 935 P.2d 876 at 883 (citing *Gosewisch*, 737 P.2d at 397); *see also Gebhardt v. Mentor Corp.*, 191 F.R.D. 180, 184-85 (D. Ariz. 1999) (granting summary judgment to defendant on a failure to warn claim when plaintiff failed to show that a doctor would not have used a medical device on plaintiff if alternative warnings were given); *Mills v. Bristol-Myers Squibb Co.*, CV 11-00968-PHX-FJM, 2011 WL 4708850, at *3 (D. Ariz. Oct. 7, 2011) (dismissing a failure to warn claim because plaintiff had not pled facts sufficient to show that a doctor would not have prescribed a drug if an appropriate warning was given).

The Wright Defendants argue that Plaintiff fails to advance any allegation that her doctor would not have recommended the Wright Implant if a warning had been given. Plaintiff argues that alleging that failure to warn was one of the causes of Plaintiff's injury is sufficient to avoid a dismissal, but Arizona law requires evidence that Plaintiff would have acted differently if a warning had been given. *See Dole Food Co.*, 935 P.2d 876 at 883. Plaintiff makes no such allegation. *See* Doc. 1. The Court will dismiss Plaintiff's failure to warn claim.

### B. Strict Liability for Design Defects.

For a plaintiff to make a strict liability design defect claim, Arizona law requires that the product either "'fai[l] to perform as safely as an ordinary consumer would expect when used in an intended or reasonable manner' (the consumer expectation test), or 'the benefits of a challenged design . . . outweigh the risk of danger inherent in the design' (risk/benefit analysis)." *Stillwell v. Smith & Nephew, Inc.*, 482 F.3d 1187, 1194 (9th Cir. 2007) (citing *Golonka v. General Motors Corp.*, 63 P.3d 956, 963 (App. 2003)). This standard is analogous to the standard proposed by the Third Restatement of Torts, *see Restatement (Third) of Torts: Prod. Liab.* § 2(b) (1998) (stating that a design is defective "when the foreseeable risks of harm posed by the product could have been reduced or

avoided by the adoption of a reasonable alternative design"), but the Restatement adopts a different standard for design defect claims against manufacturers of prescription drugs and medical devices. *Restatement (Third) of Torts: Prod. Liab.* § 6(c). This standard requires that "the foreseeable risks of harm posed by the drug or medical device are sufficiently great in relation to its foreseeable therapeutic benefits that reasonable health-care providers, knowing of such foreseeable risks and therapeutic benefits, would not prescribe the drug or medical device for any class of patients." *Id*. Arizona courts have not formally adopted this test for prescription drugs and medical devices, but it has been followed by other judges of this district. *See Gebhart*, 191 F.R.D. 180, 185; *see also Mills,* 2011 WL 4708850, at **2-3 (applying the Restatement (Third) of Torts § 6(c) absent guidance from Arizona courts); *Harrison v. Howmedica Osteonics Corp.,* CV-06-0745-PHX-RCB, 2008 WL 906585, at **21-22 (D. Ariz. Mar. 31, 2008) (applying the Restatement (Third) of Torts § 6(c) standard absent guidance from Arizona courts). "Arizona has demonstrated a willingness to look to" the Restatement "as the current statement of the law[.]" *Gebhart*, 191 F.R.D. at 185 (citing *Jimenez v. Sears, Roebuck & Co.*, 904 P.2d 861, 867 (1995)). This Court will apply the Restatement § 6(c) standard.

Under this standard, the Wright Defendants argue that Plaintiff has failed to state a claim because she has not alleged that the Wright Implant would not be prescribed by a reasonable healthcare provider to any class of patients. The Court does not agree. Plaintiff clearly has pled a design defect claim. The facts that must be proved to establish that claim under § 6(c) need not be pled in every detail in the complaint. The Court will not dismiss this claim

**C. Plaintiff's Claim for Breach of Express Warranty.**

Under Arizona law, to create an express warranty, a seller must provide an "affirmation of fact or promise," "a description of the goods," or "a sample or model" that becomes "part of the basis of the bargain." A.R.S. § 47-2313(A). Thus, to avoid a Rule 12(b)(6) dismissal, Plaintiff must allege that the seller has provided an affirmation of fact, a promise, a description of the goods, a sample, or a model.

The Wright Defendants argue that Plaintiff's breach of express warranty claim is "vague and conclusory" and fails to provide specifics of when and how the warranty was communicated. Doc. 7, at 6. Plaintiff argues that alleging that the Wright Defendants "warranted to Plaintiff's healthcare provider and to the ultimate consumers of the products, including Plaintiff Virginia Welch, that the Wright [Implant] would safely and efficiently act as a comprehensive component in a hip implant system for patient undergoing total hip arthroplasty" is sufficient to avoid a dismissal. Doc. 1, ¶ 35. But Plaintiff fails to allege the affirmation of fact, promise, description of the goods, sample, or model that gave rise to this warranty. *See* Doc. 1. This is a critical defect in the pleading, because Defendants are given no notice of the actions that allegedly created the warranty at issue. The Court will dismiss Plaintiff's claim for breach of express warranty.

### D. Punitive Damages.

Arizona law allows punitive damages when the defendant has an "evil mind." *Volz v. Coleman Co., Inc.*, 748 P.2d 1191, 1194 (Ariz. 1987). *See also Gurule v. Illinois Mut. Life and Cas. Co.*, 734 P.2d 85, 86 (Ariz. 1987); *Rawlings v. Apodaca*, 726 P.2d 565, 578 (Ariz. 1986). An evil mind is established with "evidence that defendant either (1) 'intended to injure the plaintiff [or (2)] consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to others.'" *Gurule*, 734 P.2d at 87 (citing *Rawlings,* 726 P.2d at 578-79).

Plaintiff argues that the allegations of paragraphs 52-57 of the complaint meet the standard of punitive damages. *See* Doc 13, at 13-14. There, Plaintiff alleges that her injuries resulted from "intentional wrongdoing, reckless disregard and/or gross negligence." Doc. 1, ¶ 52. Further, Plaintiff alleges that the Wright Defendants' conduct "involved an extreme degree of risk" and that the Wright Defendants had a "subjective awareness of the risk involved." Doc. 1, ¶¶ 53-54. These facts meet the Arizona standard of "consciously pursu[ing] a course of conduct knowing that it create[s] a substantial risk of significant harm to others." *Gurule*, 734 P.2d at 87 (citing *Rawlings,*

726 P.2d at 578-79).

The Wright Defendants argue that the Arizona Supreme Court has "expressly rejected awarding punitive damages based on gross negligence or mere reckless disregard of the circumstances." Doc. 7, at 7 (citing *Volz*, 748 P.2d at 1194). But when reckless disregard rises to the level of the Arizona standard, a standard the Wright Defendants themselves propose, punitive damages can be awarded. *See* Doc. 7, at 7. Further, the Wright Defendants fail to address Plaintiff's claim of "intentional wrongdoing," a claim that can also meet the Arizona standard. Doc. 1, ¶ 52. The Court will deny the Wright Defendants' motion to dismiss the Plaintiff's claim for punitive damages.

## IV. Leave to Amend

Plaintiff requests leave to file an amended complaint in the event any portion of Defendants' motion is granted. Doc. 16, at 17. The Wright Defendants do not oppose this request. The Court will grant the Plaintiff leave to amend the Complaint by October 19, 2012.

**IT IS ORDERED:**

1. The Wright Defendants motion to dismiss (Doc. 7) is granted and part and denied in part as set forth above.
2. Plaintiff shall file an amended complaint on or before **October 19, 2012**.

Dated this 3rd day of October, 2012.

David G. Campbell
United States District Judge